# UNITED STATES DISTRICT COURT
# DISTRICT OF SOUTH CAROLINA
# CHARLESTON DIVISION

| | |
|---|---|
| Marlin Elrico Coffy, Sr., | Case No. 2:25-cv-09599-RMG-MGB |
| Plaintiff, | |
| v. | REPORT AND RECOMMENDATION |
| Melvin B. Wallace, and Agent Deisher, | |
| Defendants. | |

Marlin Elrico Coffy, Sr. ("Plaintiff"), a state pretrial detainee proceeding *pro se* and *in forma pauperis*, brings this civil action seeking relief pursuant to 42 U.S.C. § 1983. (Dkt. No. 1.) Under 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02(B)(2) (D.S.C.), the undersigned is authorized to review all pretrial matters in this case and submit findings and recommendations to the assigned United States District Judge. For the reasons discussed below, the undersigned recommends that this action be summarily dismissed without leave to amend.

## BACKGROUND

Plaintiff is currently being detained at the Berkeley County Detention Center following his arrest on or around May 28, 2025, for shoplifting a value of $2,000 or less; assault and battery of the first degree; and indecent exposure.[1] The Complaint asserts that Plaintiff was "framed" by Defendant Deisher, an "Asset Protection Agent" employed by Home Depot who allegedly "lied to

---

[1] The undersigned takes judicial notice of the records filed in Plaintiff's underlying criminal proceedings before the Berkeley County Court of General Sessions. *See* https://www.sccourts.org/caseSearch/ (limiting search to Berkeley County, Case Nos. 2025A1820500499, -500, -501) (last visited October 2, 2025); *see also Aloe Creme Labs., Inc. v. Francine Co.*, 425 F.2d 1295, 1296 (5th Cir. 1970) (explaining that a federal court may take judicial notice of the contents of its own records, as well as those records of other courts); *Tisdale v. South Carolina Highway Patrol*, No. 0:09-cv-1009-HFF-PJG, 2009 WL 1491409, at *1 n.1 (D.S.C. May 27, 2009), *aff'd,* 347 F. App'x 965 (4th Cir. Aug. 27, 2009) (noting that the court may also take judicial notice of factual information located in postings on government websites).

the police and made false accusations that were not true" about an incident that occurred on May 14, 2025. (Dkt. No. 1 at 7.) Specifically, Defendant Deisher apparently told police that Plaintiff "ball[ed] up his fist and feigned a punched [sic] towards his head or face offering to injure him," and "indecently exposed [himself] in front of people inside the Home Dept store." (*Id.*) Plaintiff maintains that "he never threw any punch at [Defendant Deisher]." (*Id.*) Rather, he "swip[ed]" at Defendant Deisher's cellphone thinking it was a weapon; once Plaintiff realized the object was a cellphone, however, he told Defendant Deisher "not to take his picture." (*Id.*) When Defendant Deisher "continued to do so (either taking [a] picture or filming)," Plaintiff grabbed his "crotch area" and stated, "since [you] like taking pictures [you] can take a picture of my dick." (*Id.*) Plaintiff claims that he never physically "show[ed], reveal[ed], pull[ed] out, [or] display[ed]" his genitals to anyone in the store. (*Id.* at 10.)

Plaintiff claims that Defendant Melvin B. Wallace, an officer with the Summerville Police Department, "took [the] fabricated and invalid information" from Defendant Deisher and then used it to procure arrest warrants from a magistrate judge. (*Id.* at 8.) According to Plaintiff, Defendant Wallace accepted Defendant Deisher's version of the events without ever "watching the Home Depot camera footage of the incident," which would have confirmed that Plaintiff "did not throw any punch at [Defendant Deisher's] head or face," but merely "swiped at the phone," and "did not expose his genitle [sic]." (*Id.* at 8–9.) Plaintiff contends that because Defendant Wallace was so "reckless" in the way he "conducted the investigation," the arrest warrants "failed to state an adequate factual basis for the [criminal] charge[s]," which "cannot be proven."[2] (*Id.* at 7–8.) The Complaint therefore asserts five causes of action: (1) malicious prosecution; (2) slander/libel; (3) defamation of character; (4) malice; and (5) pain/suffering. (*Id.* at 6, 9.) Plaintiff seeks $10

---

[2] Notably, Plaintiff references his charges for assault and battery and indecent exposure only; the Complaint does not mention or explicitly challenge the apparent shoplifting offense.

2

million in damages "for each cause of action" and asks that Home Depot "drop all charges against [him]." (*Id.* at 9, 11.)

## STANDARD OF REVIEW

Under established local procedure in this judicial district, a careful review has been made of the *pro se* Complaint pursuant to the procedural provisions of the Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, 110 Stat. 1321 (1996). The Complaint has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit, and is also governed by 28 U.S.C. § 1915A, which requires the court to review a complaint filed by a prisoner that seeks redress from a governmental entity or officer or employee of a governmental entity.

To protect against possible abuses, the court must dismiss any prisoner complaints, or portions of complaints, that are frivolous or malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see also* § 1915A(b). A complaint is frivolous if it lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). A claim based on a meritless legal theory may be dismissed *sua sponte* "at any time" under § 1915(e)(2)(B). *Neitzke v. Williams*, 490 U.S. 319, 324–25 (1989). The United States Supreme Court has explained that the statute "is designed largely to discourage the filing of, and waste of judicial and private resources upon, baseless lawsuits." *Id.* at 326.

As to failure to state a claim, a complaint filed in federal court must contain "a short and plain statement of the claim showing that the pleader is entitled to relief" as required under Rule 8(a)(2) of the Federal Rules of Civil Procedure. To satisfy this standard, a plaintiff must do more than make conclusory statements. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (explaining that

the court need not accept as true a complaint's legal conclusions). Rather, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *See id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). This plausibility determination is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. When "it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations," *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984), the complaint fails to state a claim.

*Pro se* complaints are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). A federal court is therefore charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Nonetheless, the requirement of liberal construction does not mean that the court can ignore a clear failure to allege facts that set forth a cognizable claim under Rule 8(a)(2). *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990); *see also Iqbal*, 556 U.S. at 684 (outlining pleading requirements under Rule 8, Fed. R. Civ. P., for "all civil actions"). The Fourth Circuit has explained that "though *pro se* litigants cannot, of course, be expected to frame legal issues with the clarity and precision ideally evident in the work of those trained in law, neither can district courts be required to conjure up and decide issues never fairly presented to them." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1276 (4th Cir. 1985).

## DISCUSSION

A civil action under 42 U.S.C. § 1983 "creates a private right of action to vindicate violations of rights, privileges, or immunities secured by the Constitution and laws of the United States." *Rehberg v. Paulk*, 566 U.S. 356, 361 (2012). To state a claim to relief under § 1983, the

plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988). Here, Plaintiff's primary cause of action against Defendants is malicious prosecution (Dkt. No. 1 at 6), which is "properly understood as a Fourth Amendment claim for unreasonable seizure which incorporates certain elements of the common law tort."[3] *See Evans v. Chalmers*, 703 F.3d 636, 647 (4th Cir. 2012) (quoting *Lambert v. Williams*, 223 F.3d 257, 261 (4th Cir. 2000)) (internal quotation marks omitted).

As a threshold matter, the undersigned notes that Plaintiff cannot maintain a malicious prosecution claim against Defendant Deisher because purely private conduct, "no matter how wrongful, injurious, fraudulent, or discriminatory," simply does not provide a basis for action under § 1983. *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 936 (1982). Stated differently, "the party charged with the [conduct] must be a person who may fairly be said to be a state actor." *Id.*; *see also Filarsky v. Delia*, 566 U.S. 377, 383 (2012) ("Anyone whose conduct is fairly attributable to the state can be sued as a state actor under § 1983.") (internal citations and quotation marks omitted). Although Plaintiff seems to suggest that Defendant Deisher worked in concert with Defendant Wallace (Dkt. No. 1 at 6), thereby engaging in state action, it is well-settled that "[j]ust

---

[3] The undersigned clarifies that while the Complaint also contains an isolated reference to "false arrest" (Dkt. No. 1 at 9), "[a]llegations that an arrest made pursuant to a warrant was not supported by probable cause . . . are considered a § 1983 malicious prosecution claim." *See Humbert v. Mayor & City Council of Baltimore City*, 866 F.3d 546, 555 (4th Cir. 2017) (citing *Brooks v. City of Winston-Salem*, 85 F.3d 178, 182 (4th Cir. 1996)). "[A] claim for false arrest may be considered only when no arrest warrant has been obtained." *Porterfield v. Lott*, 156 F.3d 563, 568 (4th Cir. 1998); *see also Tucker v. Price*, No. 4:22-cv-1861-MGL-MHC, 2023 WL 7168684, at *5 (D.S.C. Sept. 21, 2023), *adopted*, 2023 WL 7166244 (D.S.C. Oct. 27, 2023) ("[A] public official cannot be charged with false arrest when he arrests a defendant pursuant to a facially valid warrant; rather, at most, that official can be pursued through a cause of action for malicious prosecution.") (internal citations and quotation marks omitted). Although the Complaint briefly suggests that the arrest warrants were "facially invalid" because they were based on false information (Dkt. No. 1 at 7), the crux of Plaintiff's argument is still a "lack of probable cause for seeking and issuing the warrant[s] in the first instance," which falls squarely within the purview of malicious prosecution. *Tucker*, 2023 WL 7168684, at *6 (internal citations and quotation marks omitted).

because employees of a private entity call the police to investigate suspicious activity or allow police officers to patrol its parking lots or common areas and/or arrest individuals on its property, does not make the private entity a public actor for purposes of a § 1983." *Palmore v. Wal-Mart*, No. 9:08-cv-2484-GRA-BM, 2009 WL 1457136, at *3 (D.S.C. May 22, 2009), *aff'd sub nom. Palmore v. Walmart*, 332 F. App'x 863 (4th Cir. 2009). Accordingly, Plaintiff's allegations against Defendant Deisher do not demonstrate the requisite state action needed for malicious prosecution under § 1983 and must therefore be dismissed. *See, e.g.*, *Jackson v. Walmart Loss Prevention Emps., Hartsville, S.C. Store No. 1135*, No. 4:14-cv-1285-RMG-KDW, 2014 WL 3055351, at *4 (D.S.C. July 3, 2014) (dismissing § 1983 claims because "[b]oth Walmart, the corporation, and its loss-prevention employee [were] private individuals or entities" and their conduct could not be construed as "state action"); *Grant-Davis v. Fortune*, No. 2:15-cv-4211-PMD-MGB, 2015 WL 12868172, at *3 (D.S.C. Nov. 20, 2015), *adopted*, 2015 WL 12868171 (D.S.C. Dec. 7, 2015), *aff'd*, 645 F. App'x 288 (4th Cir. 2016) (finding that plaintiff failed to state claim to relief under § 1983 where "Wal-Mart employees called the police to have a suspected shoplifter arrested, a situation that courts have repeatedly held does not constitute state action in most circumstances").

Turning to Defendant Wallace, to state a constitutional claim for malicious prosecution, a plaintiff must allege that "the defendant (1) caused (2) a seizure of the plaintiff pursuant to legal process unsupported by probable cause, and (3) criminal proceedings terminated in plaintiff's favor." *Evans v. Chalmers*, 703 F.3d 636, 647 (4th Cir. 2012); *see also Thompson v. Clark*, 596 U.S. 36, 49 (2022) ("A plaintiff need only show that the criminal prosecution ended without a conviction."). In the instant case, Plaintiff contends that his arrest was not supported by probable cause because Defendant Wallace relied upon and presented Defendant Deisher's "false" version of the events from May 14, 2025, in procuring the necessary warrants from the magistrate judge.

6

(Dkt. No. 1 at 9.) Plaintiff further argues that because Defendant Wallace applied for the warrants without first viewing video footage from the Home Depot—which he claims would have invalidated Defendant Deisher's allegations—Defendant Wallace presented a false statement with "reckless regards." (*See id.* at 8, referencing *Franks v. Delaware*, 438 U.S. 154 (1978).)

Contrary to Plaintiff's contentions, "'allegations of negligence or innocent mistake' by a police officer will not provide a basis for a constitutional violation." *See Miller v. Prince George's Cnty., MD*, 475 F.3d 621, 627–28 (4th Cir. 2007) (citing *Franks v. Delaware*, 438 U.S. 154, 171 (1978)). Indeed, "a reasonable officer [need not] exhaust every potentially exculpatory lead or resolve every doubt about a suspect's guilt before probable cause is established." *Torchinsky v. Siwinski*, 942 F.2d 257, 264 (4th Cir. 1991); *see also Groce v. Jackson*, No. 1:20-cv-1152, 2022 WL 3645906, at *10 (M.D.N.C. Aug. 24, 2022) ("With the benefit of hindsight, a litigant may contend in court that an arresting officer might have gathered more evidence, but judges cannot pursue all the steps a police officer *might* have taken that *might* have shaken his belief in the existence of probable cause.") (internal citations and quotation marks omitted) (emphasis in original). Because "failure to pursue potentially exculpatory leads, in itself, is not sufficient to negate probable cause," *Villeda v. Prince George's Cnty., MD*, 219 F. Supp. 2d 696, 701 (D. Md. 2002), *aff'd*, 70 F. App'x 720 (4th Cir. 2003), the undersigned finds that Defendant Wallace's failure to check any purported video footage before pursuing charges against Plaintiff is likely insufficient to demonstrate a constitutional violation.

Notwithstanding the above, the Court need not reach the determination of whether Plaintiff's arrest was supported by probable cause at this time because his state criminal proceedings are ongoing. State records confirm that the three charges remain pending before the Berkeley County Court of General Sessions and have not been favorably terminated. (*See* Crim.

Case Nos. 2025A1820500499, -500, -501.) Consequently, "any malicious prosecution claim has yet to accrue," and Plaintiff's claim is subject to summary dismissal.[4] *See Tucker*, 2023 WL 7168684, at *6 (noting that although the injury caused by a malicious prosecution claim occurs as soon as legal process is brought against a defendant, favorable termination remains the accrual date) (referencing *McDonough v. Smith*, 139 S. Ct. 2149, 2160 (2019)); *see also, e.g.*, *Brown v. N. Charleston City Police Dep't,* No. 2:23-cv-3863-RMG-TER, 2023 WL 5960788, at *3 n.2 (D.S.C. Aug. 16, 2023), *adopted*, 2023 WL 5960243 (D.S.C. Sept. 13, 2023); *Brooks v. City of Sumter, S.C.*, No. 3:23-cv-1665-TLW-TER, 2023 WL 4034605, at *3 (D.S.C. May 10, 2023), *adopted*, 2023 WL 4013490 (D.S.C. June 15, 2023); *Jones v. Richardson*, No. 2:22-cv-2162-BHH-MHC, 2023 WL 4628199, at *5 (D.S.C. June 26, 2023), *adopted*, 2023 WL 4627619 (D.S.C. July 18, 2023).

With respect to Plaintiff's remaining causes of action, which sound in state law, the undersigned finds that this Court lacks subject matter jurisdiction. Federal courts are courts of limited jurisdiction, meaning they possess only that power authorized by Article III of the United States Constitution and affirmatively granted by federal statute. *In re Bulldog Trucking, Inc.*, 147 F.3d 347, 352 (4th Cir. 1998). Pursuant to this limited power, there are two primary bases for original federal jurisdiction: (1) "federal question," under 28 U.S.C. § 1331, and (2) "diversity of citizenship," under 28 U.S.C. § 1332. If a federal district court has original jurisdiction over a civil action, it may also exercise supplemental jurisdiction over any state law claims that are "so related"

---

[4] To that end, it is also worth noting that Plaintiff's request for the dismissal of his pending criminal charges is not an available remedy in this case. (Dkt. No. 1 at 11.) "[W]hen a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus." *Preiser v. Rodriguez,* 411 U.S. 475, 500 (1973); *see also Bey v. White*, No. 2:17-cv-76-RMG-MGB, 2017 WL 934728, at *4 (D.S.C. Feb. 14, 2017) ("Although Plaintiff appears to be complaining about . . . pending state criminal charges against him and seeks dismissal of those charges, he may not interfere with his state criminal prosecution by means of this § 1983 action."), *adopted*, 2017 WL 933065 (D.S.C. Mar. 8, 2017).

to the claims under the court's original jurisdiction "that they form part of the same case or controversy." 28 U.S.C. § 1367(a). Without original jurisdiction, however, a federal court generally cannot exercise supplemental jurisdiction over state law claims. *See id.* § 1367(c)(3) (stating that the district court may decline to exercise supplemental jurisdiction over state law claims if it has dismissed all claims over which it has original jurisdiction).

Because the Complaint does not allege a valid federal cause of action or diversity of citizenship, this Court cannot exercise supplemental jurisdiction over Plaintiff's remaining state law claims at this time, and they are therefore subject to summary dismissal. *See United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1966) (stating that "if the federal claims are dismissed . . . , the state claims should be dismissed as well"); *see also Lovern v. Edwards*, 190 F.3d 648, 655 (4th Cir. 1999) ("[T]he Constitution does not contemplate the federal judiciary deciding issues of state law among non-diverse litigants.").

## CONCLUSION

Based on the above, the undersigned is of the opinion that Plaintiff cannot cure the defects in his Complaint. The undersigned therefore **RECOMMENDS** that the Court decline to give Plaintiff leave to amend and **DISMISS** this action against Defendants without prejudice. The Clerk of Court shall not forward this matter to the United States Marshals Service for service of process at this time.

**IT IS SO RECOMMENDED.**

_____
MARY GORDON BAKER
UNITED STATES MAGISTRATE JUDGE

October 3, 2025
Charleston, South Carolina

**The parties' attention is directed to an important notice on the following page.**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.**  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

**Robin L. Blume, Clerk**
**United States District Court**
**Post Office Box 835**
**Charleston, South Carolina 29402**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).