# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF SOUTH CAROLINA
# CHARLESTON DIVISION

| | |
|---|---|
| Marlin Elrico Coffy, Sr., | Case No. 2:25-cv-09599-RMG |
| Plaintiff, | |
| v. | **ORDER** |
| Melvin B. Wallace and Agent Deisher, | |
| Defendants. | |

This matter is before the Court on the Report & Recommendation ("R&R") of the Magistrate Judge, recommending that Plaintiff's claim for malicious prosecution be dismissed without prejudice and without leave to amend. (Dkt. No. 10). Plaintiff, proceeding *pro se* and *in forma pauperis*, was given notice that he had 14 days from the date of the R&R to file any objections, which, with three additional days for mailing, required the filing of objections on or before October 20, 2025. *Id*. at 10. The Court has received no objections. However, Plaintiff filed a motion to remand his remaining state law claims to the Charleston County Court of Common Pleas.[1] (Dkt. No. 12). For the reasons set forth below, the Court adopts the R&R as the Order of the Court, dismisses Plaintiff's malicious prosecution claim without prejudice and without leave to amend, and denies Plaintiff's motion to remand.

---

[1] Although Plaintiff titles his filing as a "motion to transfer case" (Dkt. No. 12), the Court construes it as a motion to remand, as Plaintiff's intent appears to be to have his state-law claims adjudicated in state court rather than in another federal district court.

I. **Background**

Plaintiff, who is currently incarcerated, brings this action under 42 U.S.C. § 1983. (Dkt. No. 1, at 4). The Complaint alleges that on May 14, 2025, Plaintiff was shopping at a Home Depot in Summerville, South Carolina, when he was falsely accused of shoplifting by Defendant Deisher, who is an asset protection agent at the store. *Id*. at 3, 5-6. Defendant Deisher allegedly fabricated to the police that Plaintiff struck him and made suggestive comments involving Plaintiff's genitalia. *Id*. at 7. Plaintiff alleges that Defendant Wallace, a police officer with the Summerville Police Department, "took [the] fabricated and invalid information" from Defendant Deisher and used it to procure arrest warrants from a state magistrate judge. *Id*. at 8. The Complaint alleges that Defendant Wallace acted "reckless[ly]" when he accepted Defendant Deisher's version of events without checking the store's surveillance camera footage to confirm Defendant Deisher's account. *Id*. at 8-9. Plaintiff was later arrested on or around May 28, 2025, for shoplifting a value of $2,000 or less, first-degree assault and battery, and indecent exposure. (Dkt. No. 10). Accordingly, Plaintiff alleges five causes of action against Defendants, including: (1) malicious prosecution; (2) slander/libel; (3) defamation of character; (4) malice; and (5) pain and suffering. *Id*. at 9. Plaintiff seeks 10 million dollars "for each cause of action" and requests that Home Depot "drop all charges against [him]." (Dkt. No. 1, at 11).

II. **Legal Standard**

　　A. **Magistrate's Report and Recommendation**

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility for making a final determination remains with this Court. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). This Court is charged with making a de novo determination of those portions of the R&R to which specific objections are made. 28

U.S.C. § 636(b)(1). Additionally, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Id*. Where the plaintiff fails to file any specific objections, "a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (citation and punctuation omitted).

### B. Pro Se Pleadings

This Court liberally construes complaints filed by *pro se* litigants to allow the development of a potentially meritorious case. *See Cruz v. Beto*, 405 U.S. 319, 322 (1972); *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). The requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleadings to allege facts which set forth a viable federal claim, nor can the Court assume the existence of a genuine issue of material fact where none exists. *See Weller v. Dep't of Soc. Servs. for City of Balt.*, 901 F.2d 387, 391 (4th Cir. 1990).

## III. Discussion

### A. R&R

The Magistrate Judge ably summarized Plaintiff's Complaint and concluded that the malicious prosecution claim should be summarily dismissed because: (1) Defendant Deisher is a private actor who did not act under color of law and therefore is not subject to liability under § 1983; and (2) Plaintiff's state criminal trial for the shoplifting incident remains pending, rendering his claims against Defendant Wallace premature. (Dkt. No. 10). Moreover, the Magistrate Judge correctly concluded that Plaintiff's remaining causes of action arise under state law, and absent a viable federal claim, federal courts lack subject-matter jurisdiction over them. *Id*.

The Court finds that the Magistrate Judge ably summarized the factual and legal issues involved in the R&R and correctly concluded that Plaintiff's claim for malicious prosecution should be dismissed without prejudice and without leave to amend and that his remaining state law claims should be dismissed for lack of subject-matter jurisdiction.

### B. Motion to Remand

Plaintiff requests that the Court remand his remaining state law claims to state court. (Dkt. No. 12). Remanding this case is not an action the Court can take because the action was not removed from state court. *See* 28 U.S.C. § 1447 (remand is a procedure available for removed cases). Therefore, Plaintiff's request for remand is denied.

## IV. Conclusion

For the foregoing reasons, the Court **ADOPTS** the R&R as the Order of the Court (Dkt. No. 10), **DISMISSES** Plaintiff's malicious prosecution claim without prejudice and without leave to amend, and **DENIES** Plaintiff's motion to remand (Dkt. No. 12).

**AND IT IS SO ORDERED.**

                                                               s/ Richard Mark Gergel
                                                               Richard Mark Gergel
                                                               United States District Judge

October 30, 2025
Charleston, South Carolina